[Crim. Nos. 2818, 2819.  Second Appellate District, Division One.—
March 23, 1936.]

THE PEOPLE, Respondent, v. RONALD B. McKENZIE,
Appellant.

Anna Zacsek for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy
Attorney-General, for Respondent.

YORK, J.—Appeal No. 2818 is from an order revoking an order for probation of defendant theretofore made and entered, and from judgment and sentence imposed upon him on October 23, 1925, for violation of the state Narcotic and Drug Act.

Appeal No. 2819 is from a judgment finding defendant guilty of the crime of assault with intent to commit rape, and from an order denying his motion for new trial, from order denying motion in arrest of judgment and from order denying motion to strike from the information an alleged prior conviction of felony.

The appeal in No. 2818 was apparently taken for the purpose of protecting the record in case of a reversal of the judgment in No. 2819. In view of the fact that we are affirming the judgment in No. 2819, there is nothing to discuss with reference to the appeal from the order and judgment in No. 2818, as no error is called to the attention of this court in that proceeding, if this judgment becomes final.

The only matters urged by appellant on appeal as to No. 2819 concern the insufficiency of the evidence to support the verdict, and the propriety of the argument of the deputy district attorney to the jury, appellant charging certain specified misconduct on the part of said deputy district attorney.

The entire argument as to the sufficiency of the evidence to support the verdict of the jury raises no more than a question as to the weight to be given to the testimony and a request that this court consider what would ordinarily occur under the circumstances related by such testimony. The argument is one that would have been proper, if addressed to the jury, but it cannot be considered by this court, as there is no inherent improbability in any of the testimony adduced on the trial, in so far as the record before us shows, and the right to weigh evidence is a right solely within the province of the jury.

The charge of misconduct against the deputy district attorney in his prosecution of the case raises no question excepting as to certain statements made by him in his argument to the jury, as to the conclusions he would draw or which he thought anyone else should draw from the evidence introduced. It is the province of a district attorney to state to a jury the various conclusions that he draws from the evidence, and to make it clear to the jury what conclusions in his

opinion should be drawn from the evidence introduced, so long as he keeps within the scope of conclusions which may properly be drawn. With reference to the point here under consideration, it is only when he refers to matters not in evidence or expresses his own conclusions which are not founded upon evidence before the jury, or where he indulges in unwarranted attacks upon defendants, or interferes with the orderly processes of the court in some way, that his alleged misconduct in argument to the jury may be construed to be reversible error. We find no such misconduct in this case.

The judgment of conviction of the crime of assault with intent to commit rape and the order denying motion for a new trial are affirmed. The order denying motion for arrest of judgment and the order denying motion to strike are not appealable orders, and the appeals therefrom are dismissed. The order revoking probation and the judgment and sentence for violation of the state Narcotic and Drug Act are affirmed.

Houser, P. J., and Doran, J., concurred.